IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHRISTOPHER J. REDMOND, )<br>Trustee, )<br>KANSAS EXPRESS INTERNATIONAL, )<br>INC., )<br>    Plaintiffs, )<br> )<br>v. )<br> )<br> )<br>ASHRAF FOUAD HASSAN; BILAL SAID )<br>a/k/a BILL SAID; INTERNATIONAL )<br>FOOTBALL CLUB, INC.; OVERLAND )<br>PARK SPORTS COMPLEX, LLC; TERRA )<br>SPORTS GROUP, LLC; TERRA )<br>VENTURE INC.; TERRA VENTURE )<br>INVESTMENTS, LLC; ANALYTICAL )<br>MANAGEMENT LABORATORIES, INC.; )<br>MARK MURPHY; )<br>THE MURPHY LAW FIRM, P.A.; )<br>FINAL TOUCH, INC.; )<br>KANSAS CITY LIMOUSINE, INC. )<br>AND BUDGET LIMOUSINE; )<br>AL MOSER; and )<br>DIANE MOSER, )<br>    Defendants. )<br> ) | CIVIL ACTION<br><br>No. 06-234-CM |

MEMORANDUM AND ORDER

   This case involves a bankruptcy matter, *In Re Hassan*, Case No. 04-20332-7; an adversarial

proceeding, *Redmond v. Hassan et al.*, Adv. No. 05-6215; and this civil action.  This matter is

currently before the court on Defendants Mark Murphy and the Murphy Law Firm, P.A.'s Motion to

Withdraw the Reference for Purposes of Trial and Restatement of Demand for Jury Trial (Doc. 1)

(collectively the "Murphy Defendants").  Also before the court are the Notice of Transmission of

Recommendation to the District Court to Grant the Murphy Defendants' Motion to Withdraw the

Reference of this Adversary Proceeding (Doc. 1-5) and the Bankruptcy Court's Recommendation

(Doc. 1-4).

## I.     Factual Background[1]

On January 17, 2006, seeking leave to file out of time, the Murphy Defendants filed their answer.  An order formally allowing the untimely answer was filed a couple of weeks later.  In the answer, the Murphy Defendants demanded a jury trial, but did not consent to have the bankruptcy judge conduct the trial.  On May 22, 2006, four months after answering the complaint, the Murphy Defendants filed their first motion asking the district court to withdraw the reference of the proceeding to the bankruptcy court because of their asserted right to jury trial.  The Trustee filed an amended complaint, which dismissed some of the counts and added Al Moser, his wife Diane, and two Kansas corporations he owns (collectively "the Mosers").  In the amended complaint, the Trustee asserts twelve claims[2] for relief, but the Murphy Defendants consider only four of the claims to be seeking relief against them—Counts V, VI, VIII,[3] and XI.

The Murphy Defendants filed a timely answer to the amended complaint and again asserted a demand for a jury trial.  They did not consent to have the bankruptcy judge conduct the trial.  That same day, the Murphy Defendants filed a second motion to withdraw reference, which was essentially identical to their first motion to withdraw reference.

## II.     Analysis

The Murphy Defendants contend the adversarial proceeding should be transferred to the

---

[1]  The bankruptcy court set forth the facts in its Recommendation, and the court will not unnecessarily repeat them here.

[2]  The counts are identified by Roman numerals, but two of them are identified as Count VIII.  As a result, the last three counts are identified as Counts IX, X, and XI, even though they are the tenth, eleventh, and twelfth counts.

[3]  The second Count VIII is the one involved here.

district court because (1) the claims are legal ones, seeking legal remedies and involving no public

rights and (2) they have not asserted any claims against the bankruptcy estate, so the Trustee's

claims against them do not arise as part of the claims–allowance process.  The Trustee argues that

the Murphy Defendants have no right to a jury trial because (1) they waited too long to ask for a

withdrawal of the reference of this proceeding to this Court and (2) the Trustee's claims against the

Murphy Defendants involve (a) conduct that occurred postpetition, (b) their dealings with the

Debtor, and (c) the effect of postpetition transfers on property of the estate.

The Bankruptcy Court recommends that this court (1) excuse the Murphy Defendants'

inadvertent waiver of their jury trial right by their failure to make a timely motion to withdraw

reference and (2) determine the Murphy Defendants are entitled to a jury trial on Counts V, VI, VIII,

and XI of the Trustee's complaint.  The Bankruptcy Court further recommends that this court hear

all twelve of the claims in one proceeding.  For the following reasons, the court agrees and adopts

the Bankruptcy Court's recommendation.

"The district court may withdraw, in whole or in part, any case or proceeding referred under

[28 U.S.C. § 157], on its own motion or on timely motion of any party, for cause shown."  28 U.S.C.

§ 157(d).  Courts have considered a number a factors when determining whether cause for

withdrawal exists, including whether a party requested a jury trial.  *In re Hardesty*, 190 B.R. 653,

654–55 (D. Kan. 1995); *Manley Truck Line, Inc. v. Mercantile Bank of Kansas City*, 106 B.R. 696,

697 (D. Kan. 1989).  The right to a jury trial is sufficient cause for withdrawal to the district court

where (1) the claims concern matters for which there is a right to a jury trial; (2) a party timely

demanded a jury trial; and (3) there is no mutual consent to trial before the bankruptcy court.  *In re*

*Hardesty*, 190 B.R. at 655.

As there is no mutual consent to trial before the bankruptcy court, the court must consider

whether the Murphy Defendants' jury demand was timely and whether the claims carry a jury trial right. A jury demand must be completed "not later than 10 days after the service of the last pleading directed to such issue." Fed. R. Civ. P. 38(b). A party waives its right to a jury trial in the district court if it fails to combine its request for a jury trial with a motion to transfer the case to the district court. *In re Latimer*, 918 F.2d 136, 137 (10th Cir. 1990). As the Bankruptcy Court explains in its Recommendation, the Murphy Defendants' jury demand is untimely because they failed to timely file both their jury demand and motion to withdraw reference.

Despite their untimeliness, the court may exercise its discretion under Federal Rule of Civil Procedure 39(b) and excuse the Murphy Defendants' inadvertent waiver of their jury trial right. Rule 39(b) provides that the court in its discretion upon motion—"or some similar manifestation of the desire of a party to have a jury trial"—may order a trial by a jury of any or all issues. *Fed. Deposit Ins. Corp. v. Palermo*, 815 F.2d 1329, 1333–34 (10th Cir. 1987) (quotation omitted) (finding the request need only be made in a manner sufficient to bring it to the attention of the court and the other parties). Because the Trustee has not suggested that he would suffer any prejudice by being required to have a jury trial on his claims, or offered any other reason to deny the request due to its tardiness, the court will waive the Murphy Defendants' inadvertent waiver of their right to a jury trial.

Next, the court considers whether the claims concern matters for which there is a right to a jury trial. Applying the correct law, the Bankruptcy Court analyzed the relevant claims under the analysis set forth in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), and found that Counts V, VI, and VIII are legal claims. It is less clear whether Count XI, which seeks attorney fees, is a legal claim. But after thorough consideration, the Bankruptcy Court determined that because the claim seeks monetary damages—usually a legal remedy—the claim is a legal one. This court agrees.

-4-

It appears that the factual issues involved in these four claims are likely to be raised in litigating the other claims, and thus, separating the remaining claims would be a waste of judicial resources and the parties' time and money.  Because it is in the best interest of the parties and the court to have the claims heard together, the court will conduct a jury trial in the district court on "all issues so triable."  The court defers withdrawing the proceeding until the matter is ready for trial.  *In re Hardesty*, 190 B.R. at 656 ("Even if a jury trial may constitute cause for withdrawal, the district court may decline to withdraw the reference until the case is ready for trial.").

**IT IS THEREFORE ORDERED** that Defendants Mark Murphy and the Murphy Law Firm, P.A.'s Motion to Withdraw the Reference for Purposes of Trial and Restatement of Demand for Jury Trial (Doc. 1) is granted; the proceeding will be withdrawn when it is ready for trial.

Dated this 24ᵗʰ day of March 2008, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**